**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PARDEEP KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-415-SLP |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner Pardeep Kumar, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 12], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

### I.     Background

Petitioner, a noncitizen and national of India, entered the United States without admission or inspection on or about November 15, 2022. Under 8 U.S.C. § 1229a,

Petitioner was placed in removal proceedings and attended his regularly scheduled ICE check-ins while on release. Sometime after being placed in removal proceedings, Petitioner applied for affirmative asylum. On February 5, 2026, ICE encountered Petitioner while he was driving his truck and took Petitioner into custody. Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions. When Petitioner filed his Petition, he was detained at Cimmaron Correctional Facility in Cushing, Oklahoma, where he currently remains.[1]

On March 5, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA) and violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(2) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks immediate release from custody, or in the alternative, a bond hearing.

## II.    **Discussion**

The Magistrate Judge concluded that habeas relief should be granted, in part. The Magistrate Judge recommended that the Court order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 26th 2026).

2

within that time period.  The Magistrate Judge further recommended that the Court decline to address Petitioner's due process claim.[2]

Respondent's objection asserts that the R&R misapplies the jurisdiction stripping provisions of the INA and fails to properly apply § 1225(a)(1).  [Doc. No. 12] at 1. Petitioner has not responded to the Objection filed by the Respondents.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't  of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir.

---

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process or remaining claims.  The Court concurs with that recommendation and dismisses such claims without prejudice.

2026) (same).[3]    Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

The Court further concurs with the Magistrate Judge's findings and rejects Respondents' contention that Petitioner's application for asylum transforms him into one who is actively seeking admission into the country.  The Court further adopts the reasoning set forth in *Kudratov v. Siegel,* No. CIV-26-83-SLP, 2026 WL 1232387 (W.D. Okla. May 5, 2026) at *2 (W.D. Okla. Maay 5, 2026), where this Court has previously addressed, in a more detailed Order, the issue of asylum and concluded that an application for asylum does not render a Petitioner seeking admission under § 1225(b)(2).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  The Court finds no further relief is warranted.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of May, 2026.

---

[3] To date, the Tenth Circuit has not ruled on the issue.  *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).

[4] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he "must seek those separately after a final judgment." *See* R&R at 11, n. 8 (citations omitted).

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE